IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN J. ALLEE, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv229 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is filing no. 13, the respondent's Motion for Summary Judgment, to which the petitioner has not responded. The petitioner, Justin J. Allee, is presently serving a federal sentence in the custody of the Bureau of Prisons. However, he alleges violations of his constitutional rights in connection with his conviction in the District Court of Douglas County, Nebraska, in September of 2003, for second degree murder and use of a weapon to commit a felony. In his Amended Petition for Habeas Corpus (filing no. 8), the petitioner asserts the following habeas corpus claims:

Claim No. 1:  The trial court erred in granting the State's motion to endorse an additional witness after the commencement of trial.

Claim No. 2:  The petitioner received ineffective assistance of counsel when his trial attorney failed to move for a continuance or mistrial after the court allowed the defense to endorse a witness after the commencement of trial.

Claim No. 3:  The petitioner's plea of no contest was not entered voluntarily, intelligently and knowingly because "[t]here is no evidence in the record that Mr. Allee was properly advised that by pleading guilty he would be waiving or giving up his rights to claim trial error – especially egregious error relating to the trial court's ruling on the State's motion to endorse [witnesses]."

The respondent's summary judgment materials indicate that the petitioner's first habeas claim is procedurally defaulted, and the second claim has never been exhausted.

The respondent does not mention the petitioner's third claim.  However, the record indicates that the petitioner raised his third claim, like the first, on direct appeal to the Nebraska Court of Appeals, but he failed to seek further review in the Nebraska Supreme Court.  The petitioner has never sought postconviction review.

## Procedural Default

The respondent has established that none of the petitioner's habeas claims has been presented in a petition for further review to the Nebraska Supreme Court.  A petitioner must file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies.  Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

An "unexhausted" habeas claim means both that the claim has not been fairly presented in "one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), *but also* that the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c).  If a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court, and the claim is now barred from presentation, the claim is procedurally defaulted, not unexhausted.  Akins v. Kenney, 410 F.3d 451, 456 n. 1 (8th Cir. 2005).  In that event, the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default.  Id.

In this case, the petitioner's first and third habeas claims are barred from further presentation to the Nebraska state courts.  See, e.g., State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003) and Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002) (under Nebraska law, a

2

motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal). Therefore, those two claims are exhausted by procedural default. On the other hand, the petitioner's second habeas claim has not been exhausted but may still be presented in a postconviction motion in the state courts.

## Mixed Petition

Because the Amended Petition contains one unexhausted claim and two claims exhausted by procedural default, this case presents a "mixed petition." See Pliler v. Ford, 542 U.S. 225, 227 (2004); Rose v. Lundy, 455 U.S. 509 (1982) (a mixed petition asserts both unexhausted and exhausted claims). A mixed petition must be dismissed. Pliler v. Ford, 542 U.S. at 227, 233.[1]

However, the petitioner will be granted an opportunity to strike his unexhausted claim, i.e., his second claim, alleging ineffective assistance of counsel. Then he may amend his petition to proceed in this court on the two claims which are exhausted by procedural default. In that event, he would have to demonstrate cause and prejudice to excuse the procedural default in order to be allowed to litigate his first and third habeas claims on their merits.

In the alternative, the petitioner will have an opportunity to attempt to demonstrate that this case should be stayed while he returns to state court to pursue the unexhausted claim. To qualify for a stay, the petitioner must show: (1) good cause for his failure to

---

[1] In Rhines v. Weber, 544 U.S. 269 (2005), the U.S. Supreme Court reaffirmed the "total exhaustion" rule of Rose v. Lundy, 455 U.S. 509 (1982). Thus, a federal district court may not consider the merits of a "mixed petition" as long as the petition contains both unexhausted and exhausted claims. Rhines v. Weber, 544 U.S. at 273-74. See also Pliler v. Ford, 542 U.S. 225, 227, 233 (2004) (a mixed petition must be dismissed).

exhaust his second claim in the state courts; (2) that his unexhausted second claim is not plainly without merit; and (3) that he has not engaged in abusive litigation tactics or intentional delay.  See Rhines v. Weber, 544 U.S. at 278.

## Cause and Prejudice to Excuse Procedural Default

If the petitioner proceeds on his first and third claims in this court, he will have to demonstrate a basis to excuse the procedural default of those claims.  "As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error."  House v. Bell, __ S.Ct. __, 2006 WL 1584475 at *13 (June 12, 2006).  Although the U.S. Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted.  Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense.  See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the

State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

### Miscarriage of Justice / Actual Innocence

The other exception to the bar of procedural default requires the petitioner to demonstrate that failure to review his habeas claims will result in a miscarriage of justice. The "miscarriage of justice" exception requires review of a procedurally barred claim only in the extraordinary case where a fundamental miscarriage of justice would otherwise occur. As yet, the petitioner has not demonstrated any unusual circumstances indicating that this court's failure to consider his habeas claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Usually, "fundamental miscarriage of justice," means innocence of the offense(s) of conviction. See, e.g., Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005):

> "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for procedural default." Murray v. Carrier, 477 U.S. 478, 496 ...(1986). The requirements to establish the requisite probability of innocence are high. [The petitioner] must first come forward with "new" evidence, Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.), cert. denied, 534 U.S. 963 ... (2001), and then he must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 ... (1995). Evidence is only "new" if it was "not available at trial and could not have been discovered earlier through the exercise of due diligence." Amrine, 238 F.3d at 1029.

"It is important to note in this regard that 'actual innocence' means factual innocence, not

mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The petitioner has made no showing of actual innocence, and he has come forward with no new evidence. See also House v. Bell, __ S.Ct. __, 2006 WL 1584475 at *13-14 (June 12, 2006) (the U.S. Constitution bars the execution of a habeas petitioner who presents a compelling showing of his factual innocence based on newly discovered evidence; under the actual innocence exception to the bar of procedural default, a habeas petitioner must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt had the new evidence been available at trial).

**Summary**

The respondent's Motion for Summary Judgment will be granted in part. Two of the petitioner's habeas claims are procedurally defaulted, and one is unexhausted. None of the claims may be considered by the court in the present posture of this case.

If the petitioner wishes to pursue this matter, he shall have sixty (60) days from the date of this order to exercise one of three options. By that deadline, the petitioner shall file a motion in which he shall state whether:

(1) he moves to dismiss his second habeas claim and moves to amend his petition to proceed on the first and third habeas claims only, in which event the court will establish a briefing schedule on the issues of procedural default and the grounds to excuse procedural default; **or**

(2) he dismisses the petition altogether to go back to state court, with the knowledge that return to this court will ultimately be barred by the statute of limitations; **or**

(3) he moves for stay and abeyance of his habeas petition while he returns to state court to exhaust his second habeas claim, in which event the court will establish a briefing schedule on the petitioner's qualifications for such a stay as outlined in <u>Rhines v. Weber</u>, 544 U.S. at 278.

IT IS THEREFORE ORDERED:

1.  That filing no. 13, the respondent's Motion for Summary Judgment, is granted in substantial part, but additional issues remain for resolution in this case;

2.  That the petitioner shall have sixty (60) days from the date of this Order to file a Motion exercising one of the three options set forth in this Order; and

3.  That the petitioner is warned that failure to file a timely Motion in compliance with this Order may be construed as an abandonment of this litigation and the petitioner's habeas claims, with the result that this action and the Petition for Writ of Habeas Corpus may be subject, without further notice, to dismissal without prejudice.

DATED this 29th day of June, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge