IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUSTIN J. ALLEE,                           )
                                           )
                 Petitioner,               )          8:05cv229
                                           )
        vs.                                )          BRIEFING ORDER on
                                           )          REQUEST FOR STAY
NEBRASKA ATTORNEY GENERAL,                 )
et al.,                                    )
                                           )
                 Respondents.              )

        In filing no. 25, the petitioner moves, pursuant to <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005), for stay and abeyance of this habeas corpus case so that the petitioner may return to state court to exhaust his unexhausted claim(s), followed by a return to this court, if necessary, to complete this litigation.  As the Eighth Circuit Court of Appeals clarified in <u>Akins v. Kenney</u>, 410 F.3d 451, 455 (8th Cir. 2005), in <u>Rhines v. Weber</u>, "[t]he Supreme Court has ... determined that a district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition."  To determine whether a stay pending exhaustion would be appropriate, a petitioner "must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay [in the state courts]."  <u>Akins v. Kenney</u>, 410 F.3d. at 456.

        Accordingly, the parties are entitled to be heard regarding the factors weighing for and against a stay.  By February 26, 2006, the parties shall submit simultaneous briefs addressing whether the petitioner has diligently pursued his available remedies, the adequacy of the petitioner's claims (insofar as that issue may be assessed without the record) and whether or not the petitioner has engaged in instances of abusive litigation tactics or intentional delay.  If either party wishes to submit a reply brief thereafter, that party may file a motion requesting leave to do so and, if so, estimating the time required.

        SO ORDERED.

        DATED this 26th day of January, 2007.

                                BY THE COURT:


                                s/ F. A. GOSSETT
                                United States Magistrate Judge