IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN J. ALLEE, | ) |
| Plaintiff, | ) 8:05CV229 |
| v. | ) |
| NEBRASKA ATTORNEY GENERAL, et al, | ) MEMORANDUM AND ORDER |
| Defendants. | ) |

This matter is before the court on Justin Allee's (hereafter "Allee") motion for a stay, Filing No. 25. Allee is currently serving a federal sentence for his second-degree murder and use of a weapon to commit a felony conviction in Douglas County District Court, Omaha, Nebraska, in September 2003. In his amended habeas petition, Allee set forth three claims for relief. Filing No. 8. The defendants first filed a motion for summary judgment asking for dismissal of all three claims. Filing No. 13. This court then issued several memoranda and orders, Filing Nos. 18, 19, and 20, giving Allee three options for proceeding with his amended habeas petition. One of those options included filing a motion to stay this proceeding until such time as Allee could exhaust his second claim (ineffective assistance of counsel for failure to move for a mistrial or a continuance when the state endorsed last minute witnesses). Allee elected that option and moved for a stay of this case.

In order for this court to grant the stay, Allee must show (1) good cause for his failure to exhaust his second claim, (2) that his unexhausted second claim is not plainly without merit, and (3) he has not engaged in abusive litigation tactics or unreasonable delay. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005).

First, the record reflects no evidence that Allee has engaged in abusive litigation tactics or unreasonable delay. Second, the court cannot find in this record that Allee's second claim is without merit. It appears that the endorsed witnesses were a surprise to Allee. It also appears that such witnesses were prejudicial to Allee's case. It further appears that once the trial court determined the endorsed witnesses could testify, Allee did not receive any additional time to prepare for these witnesses, although the trial court specifically noted that the testimony appeared to be unfairly prejudicial to Allee. Filing No. 12, Memorandum Opinion, p. 4. The parties then took a break, and Allee decided to plea. The court cannot say with any degree of certainty that Allee's claim is without merit.

With regard to the first requirement, the court finds good cause exists for failure to exhaust this claim. Based on the record as it appears before this court, appellate counsel failed to preserve review of any of Allee's claims before the Nebraska Supreme Court, which resulted in procedural default of two of the claims. Further, it appears that neither trial nor appellate counsel informed Allee of his post-conviction rights under Nebraska law. It also appears that appellate counsel did nothing after the affirmance by the Nebraska Court of Appeals. Allee had no counsel from the time of his appeal to the Nebraska Court of Appeals until he filed this habeas petition and received counsel from this court on August 18, 2006. Filing No. 19. Allee did not have a record to present regarding his ineffective assistance of counsel claim at the time of his direct appeal to the Nebraska Court of Appeals, and the Nebraska Court of Appeals noted this claim had not been developed. The court finds Allee has shown good cause for his failure to exhaust this claim. Accordingly, the court will grant Allee's motion for a stay to complete the exhaustion process, and will set time limits for such completion. *See Rhines*, 544 U.S. at 277-78.

Failure to comply with the time limits, or failure to receive an extension of time from this court, will result in dismissal of this claim.

THEREFORE, IT IS ORDERED that Allee's motion to stay, Filing No. 25, is granted. The writ of habeas corpus is stayed. Allee shall have thirty days from the date of this order to file his claim in state court and sixty days to return to federal court. Further, the parties are to notify the court within two weeks of a final disposition in state court. Upon disposition in state court, Allee shall file a motion to dissolve the stay and, if appropriate, a motion to file an amended habeas petition.

DATED this 13th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge