IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN J. ALLEE, | ) | |
| | ) | 8:05CV229 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| NEBRASKA ATTORNEY GENERAL and | ) | |
| WARDEN OF USP-LEAVENWORTH, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on respondents' motion for summary judgment, Filing

No. 51, and petitioner's objection to the motion, Filing No. 55.  Respondents argue that

there are no material facts and they are entitled to judgment as a matter of law pursuant

to Fed. R. Civ. P. 56(b).  Justin Allee filed a habeas corpus action pursuant to 28 U.S.C.

§ 2254.  Allee is currently serving a sentence for his September 2003 conviction in Douglas

County District Court, Omaha, Nebraska, of second-degree murder and use of a weapon

to commit a felony.  On August 13, 2007, this court entered an order dismissing two of his

§ 2254 claims but granted a stay and abeyance to allow Allee to exhaust his remaining

ineffective assistance of counsel claim in state court.  Filing No. 39.  Allee's post-conviction

relief claims have now been denied by the state district court.  Allee filed a motion to lift the

stay.  Filing No. 43.  Respondents first contend that Allee has procedurally defaulted.

Second, respondents argue that Allee is time barred.  Third, respondents contend that

Allee is not entitled to counsel on his state post-conviction claim.

In this petition, Allee states "The district court, Hon. James T. Gleason on October

31, 2007, denied petitioner's application finding that 'the defendant has failed to set forth

any facts, which, if proved, would constitute a denial or violation of his or her (sic) rights under the state or federal constitution.'" Filing No. 43. Allee admits that he did not appeal this October 31, 2007, order, but instead, he filed a motion for reconsideration. Allee contends that he did not receive a hearing on his initial motion, or on his motion for reconsideration. Upon denial of his motion for reconsideration, Allee appealed to the Nebraska Court of Appeals. The Nebraska Court of Appeals denied his appeal. Allee contends that he placed a notice of appeal for the Nebraska Supreme Court and a motion for an extension of time in the prison system on December 5, 2007. He alleges that he placed a second notice of appeal dated January 11, 2008, notifying the Nebraska Supreme Court that he had inadvertently sent the first notice of appeal to the Nebraska Federal District Court. He offers no evidence that this in fact occurred, such as a return envelope or a letter from the federal district court returning the appeal. The Clerk of the Douglas County District Court filed both of Allee's notices of appeal on January 25, 2008. On January 30, 2008, the Nebraska Supreme Court returned Allee's notice of appeal for failure to include a filing fee and/or an in forma paupers affidavit. In his amended habeas petition, Allee contends in a new claim that he is also entitled to counsel in his state post-conviction proceedings. Filing No. 47.

## DISCUSSION

### A. Right to Counsel

Respondents contend that Allee's new claim regarding post-conviction counsel is without merit.[1] This court agrees. There is no constitutional right to an attorney in a state

---

[1]Allee does not address this new allegation in his brief in opposition to the motion for summary judgment.

post-conviction proceeding. *State v. Livingston*, 244 Neb. 757, 762-63 (1993), *citing Coleman v. Thompson*, 501 U.S. 722 (1991).

### B. Exhaustion and Procedural Default

A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. *Picard v. Connor,* 404 U.S. 270, 275 (1971). The exhaustion-of-state-remedies doctrine is now codified in the federal habeas statute. *Id.*; 28 U.S.C. § 2254 (b)(1). The doctrine "reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Picard,* 404 U.S. at 275 (*quoting Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam)). Once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *Id.* (stating that "[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies").

"The question of exhaustion 'refers only to remedies still available at the time of the federal petition,' it requires federal courts to ask whether an applicant for federal relief could still get the relief he seeks in the state system." *O'Sullivan v. Boerckel,* 526 U.S. 838, 850 (Stevens, J., dissenting) (*quoting Engle v. Isaac,* 456 U.S. 107, 125-26 n.28 (1982)); *see O'Sullivan,* 526 U.S. at 848 (Court's opinion) (noting agreement with the dissent's description of the law of exhaustion and procedural default). If the applicant currently has a state avenue available for raising his claims, a federal court, in the interest of comity, must generally abstain from intervening. *Id.* at 850. "State-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason

3

for their unavailability," including a petitioner's failure "to comply with the deadline for seeking state-court review or for taking an appeal." *Woodford v. Ngo,* — U.S. —, —,126 S. Ct. 2378, 2387 (2006); *see also Gray v. Netherland,* 518 U.S. 152, 162-63 (1996).

State petitioners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan,* 526 U.S. at 845. Also, the petitioner must "fairly present" the "substance" of his federal habeas corpus claim to the state courts. *Anderson v. Harless,* 459 U.S. 4, 6 (1982). In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts. *Carney v. Fabian,* 487 F.3d 1094, 1096 (8th Cir. 2007) (noting that state courts must be alerted to the fact that petitioners are asserting claims under the United States Constitution).

As a general rule, federal courts are precluded from reviewing in § 2254 cases those claims which a petitioner has not yet presented to the state tribunals in the state of conviction. *See* 28 U.S.C. § 2254(b). Federal review of a habeas petition is barred when a state court dismisses or rejects a prisoner's claims on independent and adequate state grounds. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Dismissal of a claim because of a state procedural rule may constitute an independent and adequate state ground only if the state procedural rule is firmly established, regularly followed, and readily ascertainable. *See Ford v. Georgia,* 498 U.S. 411, 423-24 (1991). The underlying principle is "that failure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to

4

seek relief in state court."  *Easter v. Endell,* 37 F.3d 1343, 1347 (8th Cir. 1994).  A petitioner may pursue federal review of a procedurally defaulted claim if he can demonstrate cause and prejudice.  *See Coleman,* 501 U.S. at 750.  Ineffective assistance of appellate counsel may constitute cause and prejudice to excuse a procedural default. *See Boysiewick* v. *Schriro,* 179 F.3d 616, 619 (8th Cir. 1999).

The procedural bar doctrine is a corollary to the habeas statute's exhaustion requirement.  *See Dretke v. Haley,* 541 U.S. 386, 388 (2004) (stating that the concepts of exhaustion and procedural bar are related, but distinct, concepts).  The procedural default doctrine is a separate waiver doctrine, crafted to protect the integrity of the exhaustion provision.  *See O'Sullivan,* 526 U.S. at 853 (Stevens, J., dissenting); 848 (noting Supreme Court's agreement); *Engle v. Isaac,* 456 U.S. at 125-26 n.28 (1982) ("[T]he problem of waiver is separate from the question whether a state prisoner has exhausted state remedies.").

Under the concept of procedural bar, the failure of a prisoner to invoke an available state procedure may provide the basis for the conclusion that he has waived a claim. *O'Sullivan,* 526 U.S. at 853.  This failure to comply with the state's procedural rules can furnish an independent and adequate state ground of decision that will block federal collateral review.  *See Harris v. Reed,* 489 U.S. 255, 262 (1989); *Coleman,* 501 U.S. at 729-30 (stating that the procedural bar doctrine operates to bar federal habeas corpus review when a state court declines to address a petitioner's federal claims because the prisoner has failed to meet a state procedural requirement—"[i]n these cases, the state judgment rests on independent and adequate state procedural grounds").

A state procedural rule is "independent" if it is not linked to or dependent on federal law. *Easter v. Endell,* 37 F.3d 1343, 1345 (8th Cir. 1994). A state procedural ruling meets the due process requirement of adequacy only if it is firmly established and regularly followed. *Lee v. Kemna,* 534 U.S. 362, 376 (2002) ("[t]o be adequate, a state's procedural rule must be proclaimed in advance and regularly followed"); *Ford,* 498 U.S. at 424 (noting that a court will decline to apply a procedural rule when a defendant could not be deemed to know of its existence); *Easter,* 37 F.3d at 1345. The "adequate and independent" state law ground applies with equal force whether the state law ground is substantive or procedural. *Lee v. Kemna,* 534 U.S. at 375.

Also, "there are, however, exceptional cases, in which the exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Id.* at 376 (finding the ordinarily "unassailable" procedural rule requiring a contemporaneous objection was inadequate to bar consideration of a defendant's due process claim in a case involving an "unusual sequence of events" that included the state's belated reliance on the rule and a lack of caselaw that required "flawless compliance" with the rule). "'[T]he adequacy of state procedural bars to the assertion of federal questions,' is not within the state's prerogative finally to decide; rather, adequacy 'is itself a federal question.'" *Id.* at 375 (*quoting* *Douglas v. Alabama,* 380 U.S. 415, 422 (1965)). "'[F]ailure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court.'" *Easter v. Endell,* 37 F.3d at 1347 (*quoting* *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir. 1992)).

6

An adequate and independent state procedural disposition, however, provides only a strong prudential reason not to address a defaulted constitutional claim that is presented for federal habeas review. *Dretke*, 541 U.S. at 392-93. A procedural default can be excused in certain circumstances where the factual predicate of the claim has been presented to a post-conviction court and the petitioner has made an effort to bring it to the attention of appropriate state courts. *Clemmons v. Delo*, 124 F.3d 944, 946 n.1, 948-50 (8th Cir. 1997); *Easter v. Endell*, 37 F.3d at 1345 (stating "[f]ederal courts always have the equitable power to look beyond a state procedural bar and proceed to the merits of a habeas corpus petition").

Even if a state court's refusal to reach the merits of a petitioner's claim is premised on an "adequate and independent" state law ground, courts recognize an equitable exception to the bar when a habeas applicant can demonstrate cause and prejudice for the procedural default. *Dretke*, 541 U.S. at 393 (noting that "the cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that fundamental fairness remains the central concern of the writ of habeas corpus"). The cause and prejudice standard applies to defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491 (1986).

To show cause excusing procedural default, a petitioner must show that some "objective factor external to the defense" impeded the petitioner's efforts to raise the claim in state court. *Id.*; *Turner v. Delo*, 69 F.3d 895, 896-97 (8th Cir. 1995); *see, e.g., Coleman*, 501 U.S. at 753 (cause to excuse procedural default exists if legal claim was unavailable); *Reed v. Ross*, 468 U.S. 1, 14-15 (1984) (cause to excuse procedural bar exists if default was not "attributable to an intentional decision" of petitioner); *Ivy v. Caspari*, 173 F.3d

1136, 1141 (8th Cir. 1999) (holding that the nondelivery of a pleading that is not the result of any want of attention on the part of the petitioner is an external impediment that amounts to cause). Constitutionally deficient performance of appellate counsel is "cause" to forgive a procedural default. *Taylor v. Bowersox,* 329 F.3d 963, 971 (8th Cir. 2003). To show prejudice, a petitioner must show a reasonable probability of a different result. *See, e.g., Hall v. Luebbers,* 296 F.3d 685, 696 (8th Cir. 2002); *Parkus v. Delo,* 33 F.3d 933, 940 (8th Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Parkus,* 33 F.3d at 938.

Pursuant to Neb. Rev. Stat. § 29-3002, a party must take an appeal from an order overruling a motion for post-conviction relief as set forth for appeals of civil cases. *State v. Stickney,* 222 Neb. 465, 466 (1986). A notice of appeal must be filed with the clerk of court within one month of the order appealed. Neb. Rev. Stat. § 25-1912 (1). Failure to do so results in a lack of jurisdiction for the state appellate court. *Stickney,* 222 Neb. at 466. Here, the district court made its initial decision on October 31, 2007. Respondents argue that Allee did not timely appeal this claim, and thus, the claim is procedurally defaulted and not unexhausted. *Akins v. Kenney,* 410 F.3d 451, 456 n.1 (8th Cir. 2005); 28 U.S.C. § 2254(b)(1)(A) (habeas will not be granted unless applicant has exhausted all state court remedies).

Allee argues first that the cause and effect standard applies to defaults on appeal. *Murray v. Carrier,* 477 U.S. 478 (1986). Second, he contends that he did not receive a hearing and that is a denial of due process that is presumptively unfair, and  Allee argues that this state court decision occurred through a series of ex parte proceedings. The court finds that Allee does not set forth any facts supporting this allegation of ex parte

proceedings.[2]  Accordingly, the court finds this claim is without merit.  Second, Allee states that on November 19, 2007, he filed a motion for reconsideration which occurred within thirty days of the district court's ruling on his motions for post-conviction relief.  The district court judge denied the motion for reconsideration on November 21, 2007, and the clerk of court filed it on November 26, 2007.  Allee argues that thereafter, on or about December 5, he placed a timely notice of appeal in the prison mail system, and the prison system's failure to timely deliver his notice of appeal is sufficient to establish an excuse for procedural default.  Thus, he argues his appeal is timely.  He also argues this court should excuse his apparent attempt to file with the Nebraska Supreme Court which he inadvertently mailed to the United States District Court for the District of Nebraska, as well as excuse his filing with the Nebraska Supreme Court without a filing fee or an in forma pauperis affidavit on his second attempt to send a notice of appeal.

First, the court concludes that the state court judge is not required to offer an evidentiary hearing when the allegations do not sufficiently set forth facts that show a constitutional violation of a defendant's rights. *State v. Russell*, 239 Neb. 979, 980 (1992). Second, the court notes that Allee offers no evidence to clearly controvert respondents' claims that Allee is procedurally defaulted. It is clear that Allee did not timely file a notice of appeal from the district court's decision on October 31, 2007, denying his motion for post-conviction relief.  In fact, the record reflects that the Nebraska Supreme Court did not ever receive an appropriate notice of appeal from Allee.  *See* Letters from Supreme Court of the State of Nebraska dated January 30, 2008; February 15, 2008; March 3, 2008;

---

[2]The court is of the opinion that Allee is not referring to ex parte discussions with other parties but actually means the district court judge in Nebraska state court ruled on the motion without a hearing.

March 24, 2008,  Filing No. 50, Attachment 1.  This court notes there is no record that Allee

filed a notice of appeal on December 5, 2007, other than his own personal copy of the

notice of appeal offered as an exhibit in this case.  Filing No. 58.  Nor is there any evidence

that he actually attempted to file a notice of appeal of the denial for the motion for

reconsideration with the Nebraska Supreme Court pursuant to the thirty-day time limitation.

The court finds that Allee has failed to exhaust this claim in state court.  Accordingly, the

court finds that because Allee did not timely file an appeal, he is now procedurally barred

from raising those issues in state court.  *Akins*, 410 F.3d at 454.

### C.  Merits

Even though the court believes Allee is procedurally barred in this case, the court

will nonetheless rule on the merits of this claim.  The court does so because of the

argument by Allee that he actually filed an appeal, or attempted to file an appeal, within the

prescribed time limits.  According to Allee, the prison officials confined him in segregation

which caused him some delay in filing the appeal; then he allegedly mailed the envelope

with the appeal to the United States District Court rather than the Nebraska Supreme

Court; and then when he tried to refile in the Nebraska Supreme Court, the clerk of court

returned his notice of appeal for failure to file an in forma pauperis notice or pay the filing

fee.  For these reasons, the court will consider the appeal as filed with and denied by the

Nebraska Supreme Court on the basis of an equitable tolling argument.

The Eighth Circuit has held that equitable tolling may be applied to the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214.  *See,* e.g., *Riddle v.*

*Kemna,* 523 F.3d at 857.  "Generally, a litigant seeking equitable tolling bears the burden

of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way." *Id*. (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)).  Moreover, "[e]quitable tolling is 'an exceedingly narrow window of relief.'"  *Id*. quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

The right to counsel includes the right to reasonably effective counsel.  *Strickland v. Washington,* 466 U.S. 668, 686 (1984).   Generally, a defendant claiming ineffective assistance of counsel must show:  (1) that counsel's representation "fell below an objective standard of reasonableness"; and (2) that counsel's deficient performance prejudiced the defendant.   *Id.* at 687-88, 694.   The *Strickland* standard requires a showing that a defendant's counsel's performance fell below the standard of customary skill and diligence displayed by a reasonably competent attorney and a showing that there is a reasonable probability that the outcome would have been different but for the substandard actions of counsel.  *McGurk v. Stenberg,* 163 F.3d 470, 474-75 (8th Cir. 1998).   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

Allee contends that during opening argument the State of Nebraska implicated Alex Monarrez, a co-operating witness, and Allee, as aiders and abettors in the shooting of Adam Davidson.  An important piece of information concerned a vehicle used in the murder that the co-conspirators burned after the shooting.  According to the respondents, certain witnesses would have testified that Allee was seriously burned shortly after the shooting.  During opening argument Allee's trial counsel indicated that there would be no direct evidence linking Allee to the crime, and he further stated that there were no burns or scars on Allee.  Trial began and thereafter the state asked permission to endorse an additional witness from the hospital.  The witness, an emergency room doctor, would have

11

testified in response to the prosecutor's opening remarks that Allee received burns that would tie him to the burned vehicle.

Counsel for Allee objected to the use of this late witness but did not request a continuance. The state court judge denied the request. Within a couple of days into the trial, Allee agreed to plea no contest to a lesser charge. The state court judge reviewed the waiver of rights with Allee. Allee chose to continue with the plea. Allee also answered that he voluntarily entered into the plea. He further stated on the record that he had discussed the plea with his attorney, discussed the facts with his attorney, and discussed all possible legal defenses with his attorney, and he came to the conclusion that he had no defenses to this charge. He also indicated that the services of his attorney were satisfactory. The court then sentenced Mr. Allee to 30 to 45 years on Count I (second degree murder) and a consecutive term of 10 to 15 years on Count II (use of a weapon to commit a felony).

The Nebraska Court of Appeals assumed for purposes of argument that prejudice existed, and Allee did not request a continuance of trial as required by law. However, the court concluded that once Allee agreed to enter into a plea of no contest, he waived this claim, relying on *State v. Gonzalez-Faguaga*, 266 Neb.72 (2003) and *State v. Burkhardt*, 258 Neb.1050 (2000). Filing No. 12-5 at 7. The appellate court further found that the endorsement rule is not one of evidence but is one of fairness. *Id*. at 8. So, in general, the appellate court stated that the usual remedy would have been a continuance but not exclusion of the admissible evidence. *Id*. The Nebraska Court of Appeals found that the dialogue between Allee and the district court met all the requirements to support a finding that Allee entered into the plea freely, knowingly, intelligently and voluntarily. *Id*. at 9.

With regard to Allee's argument that the district court judge failed to inform him that his plea of no contest would waive any error in granting the motion to endorse witnesses, the court concluded that the district court does not have to tell a defendant of every constitutional right that he waives, relying on *State v. Turner*, 186 Neb. 424 (1971). *Id*. at 10. The Court of Appeals concluded that Allee waived his rights in this regard. *Id*. at 11. Finally, the appellate court addressed the ineffective assistance claim. The court concluded that counsel for Allee did move for a mistrial. The court of appeals then stated that it had insufficient information on this record to address this claim. "Counsel's performance may not have been deficient. If Allee had personal knowledge that he had been burned and was aware of the substance of the contemplated testimony, trial counsel lacked any reason to move for continuance. Nor does the record show that but for this alleged deficiency Allee would have insisted on going to trial." *Id*. at 12-13.

Under *Strickland*, Allee must first show deficient performance by his counsel. The question is whether the alleged error on the part of the court allowing the endorsement and defense counsel making these comments during opening statements prejudiced the defendant. Allee must convince this court that but for the alleged errors, the results of the trial would have been different. Allee does not argue, however, that but for the mistake by counsel, he would have continued on with trial and chosen not to accept a plea. Further, the prosecutor could have arguably used this evidence during this trial, at least in rebuttal, or if not, could have used the evidence after a continuance when trial resumed. At trial Allee faced a potential sentence for first degree murder. There existed witnesses available to testify as to Allee's burns. This deal allowed him to plea to second degree murder. The court agrees that Allee gave a voluntary and knowing plea and waived his constitutional

rights.  The court finds that Allee chose to benefit from the reduced charge and accept the plea offer.  Accordingly, the court finds Allee has no claim on the merits in this case.

### D.  Time Barred

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Importantly, however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2); *see also* *Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008)  (indicating that a post-conviction case is pending, and the limitations period is tolled, from the filing of the post-conviction motion until the mandate issues).

Here, there is no indication that the petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D).  The issue, therefore, is whether the petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). The time runs at the expiration of the time a defendant could seek review or when the actual review is concluded. *Watts v. Norris*, 356 F.3d 937 (8th Cir. 2003).  Here, Allee did not seek review of his direct appeal to the Nebraska Supreme Court in his initial case.  His time began to run on May 19, 2004.  Allee filed his petition for habeas relief in federal court on June 27, 2005.  Respondents argue this is 39 days after the expiration of the statute of limitations.  The court concludes that Allee did not file this action within the one-year period set forth in § 2244(d)(1)(A).  Accordingly, the court also finds in favor of the state in this regard.

THEREFORE, IT IS ORDERED that respondents' motion for summary judgment, Filing No. 51, is granted and petitioner's objection to the motion, Filing No. 55, is overruled. This case is dismissed and respondents are entitled to judgment as a matter of law.  A separate judgment is entered in conjunction with this Memorandum and Order.

DATED this 17th day of December, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

15