IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN J. ALLEE, | ) |
| Petitioner, | ) 8:05CV229 |
| v. | ) |
| NEBRASKA ATTORNEY GENERAL and WARDEN OF USP-LEAVENWORTH, | ) MEMORANDUM AND ORDER |
| Respondents. | ) |

This matter is before the court on petitioner Justin Allee's notice of appeal, Filing No. 69, and the clerk of court's in forma pauperis memo, Filing No. 70. The court previously found that petitioner is qualified for in forma pauperis status. Filing No. 6. Accordingly, the court will continue petitioner's in forma pauperis status on appeal. However, the court notes that Mr. Allee failed to file a certificate of appealability.

   1.  *In Forma Pauperis*

When Petitioner filed his notice of appeal, he did not submit the appellate filing fee of $455.00, nor did he submit a motion to proceed in forma pauperis ("IFP"). Filing No. 69. Petitioner is a prisoner and has previously been granted leave to proceed in forma pauperis in this matter. Filing No. 6. Federal Rule of Appellate Procedure 24(a)(3) states:

   (a)  Leave to Proceed in Forma Pauperis . . . .

   (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

   (A) the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise

> entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding. . . .

*Id*. The court finds that, because petitioner was previously given leave to proceed IFP, he may now "proceed on appeal in forma pauperis without further authorization" in accordance with Federal Rule of Appellate Procedure 24.

   *2. Certificate of Appealability*

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), *citing Barefoot*

*v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

Petitioner has not filed a motion for a certificate of appealability or a brief in support. This matter cannot proceed on appeal until the question of the certificate of appealability is considered.

IT IS THEREFORE ORDERED:

1.  Petitioner shall have until thirty days from the date of this order to file a motion for certificate of appealability and brief in support.

2.  In the event that petitioner fails to file a motion and brief as set forth in this Memorandum and Order, the court will deny the issuance of a certificate of appealability without further notice.

3.  The Clerk of Court shall not process the appeal pending further order of the court.

4.  The court grants petitioner's continued in forma pauperis status for purposes of appeal.

DATED this 4th day of March, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge